BRIAN T. DUNN, ESQ. (SBN 176502)
MARIEL A. GERLT, ESQ. (SBN 251119)
THE COCHRAN FIRM
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone:      (323) 931-6200
Facsimile:      (323) 931-9521

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV08-00694 DSF (RZx)

| | |
|---|---|
| LILLIAN MITCHELL, individually, and as Successor in Interest to CHARLIE WILSON, deceased, and JOY BEDFORD, individually, and as Successor in Interest to SHAUN MCCOY, deceased, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| CITY OF TORRANCE, TORRANCE POLICE DEPARTMENT, and DOES 1 through 10, Inclusive, | ) ) ) ) |
| Defendants. | ) ) |

CASE NO.

COMPLAINT FOR DAMAGES
1. Civil Rights Violations
   [42 U.S.C. § 1983]
2. Wrongful Death

**Jury Demand**

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and sections 1331 and 1367(a).

2.      Venue is proper in the Central District of California under 28 U.S.C. sections 1391(a) and (b).

COMPLAINT FOR DAMAGES

**PARTIES**

3.     Plaintiff LILLIAN MITCHELL is a resident of Los Angeles County, California, and is the surviving mother of decedent CHARLIE WILSON.

4.     Plaintiff LILLIAN MITCHELL is the successor in interest to decedent CHARLIE WILSON, and is entitled to bring the first cause of action herein alleged pursuant to Section 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating LILLIAN MITCHELL as a successor in interest to CHARLIE WILSON, and a true and correct copy of the death certificate for CHARLIE WILSON, furnished herewith pursuant to C.C.P. §377.32.)

5.     Plaintiff JOY BEDFORD is a resident of San Bernardino County, California, and is the surviving mother of decedent SHAUN MCCOY.

6.     Plaintiff JOY BEDFORD is the successor in interest to decedent SHAUN MCCOY, and is entitled to bring the first cause of action herein alleged pursuant to Section 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating JOY BEDFORD as a successor in interest to SHAUN MCCOY, and a true and correct copy of the death certificate for SHAUN MCCOY, furnished herewith pursuant to C.C.P. §377.32.)

7.     Defendant CITY OF TORRANCE(hereinafter "CITY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.  On July 23, 2007, a timely claim for damages was filed with the CITY OF TORRANCE in substantial compliance with Cal. Government Code §910, et seq.  As

1  of the date of the filing of this Compliant, said claim has been
2  denied.

3        8.    Plaintiffs are unaware of the true names and
4  capacities of those Defendants sued herein as DOE Defendants.
5  Plaintiffs will amend this complaint to allege said Defendants'
6  true names and capacities when that information becomes known to
7  them.   Plaintiffs are informed, believe, and thereon allege that
8  these DOE Defendants are legally responsible and liable for the
9  incident, injuries and damages hereinafter set forth, and that
10 each of said Defendants proximately caused the injuries and
11 damages by reason of negligent, careless, deliberately
12 indifferent, intentional, willful or wanton misconduct, including
13 the negligent, careless, deliberately indifferent, intentional,
14 willful or wanton misconduct in creating and otherwise causing the
15 incidents, conditions and circumstances hereinafter set forth, or
16 by reason of direct or imputed negligence or vicarious fault or
17 breach of duty arising out of the matters herein alleged.
18 Plaintiffs will seek leave to amend this complaint to set forth
19 said true names and identities of the unknown named DOE Defendants
20 when they are ascertained.

21       9.    Each of the individual Defendants sued herein is sued
22 both in his individual and personal capacity, as well as in his
23 official capacity.

24       10.   Plaintiffs are informed, believe, and therefore
25 allege that, at all times herein mentioned, each of the Defendants
26 was the agent and/or employee and/or co-conspirator of each of the
27 remaining Defendants, and in doing the things hereinafter alleged,
28 was acting within the scope of such agency, employment and/or

1  conspiracy and with the permission and consent of other co-
2  defendants.

3

4                     **FACTS COMMON TO ALL COUNTS**

5          11.    This Complaint concerns a fatal officer involved
6  shooting which occurred during the afternoon hours of July 14,
7  2007, in or around the rear of a residential property, located at
8  or around the 2600 block of 231st street, a few blocks west of the
9  intersection of 231st street and Crenshaw Boulevard, in the City
10 of Torrance.  On that afternoon, Plaintiffs' decedents, CHARLIE
11 WILSON and SHAUN MCCOY, were unarmed, and present in an enclosed
12 shed located at the rear of the residential property, when
13 heretofore unknown respondent Officers employed by and acting in
14 the course and scope of their employment with Defendant TORRANCE
15 POLICE DEPARTMENT and Defendant CITY OF TORRANCE, without warning,
16 repeatedly and unjustifiably discharged their department issued
17 firearms at the persons of  CHARLIE WILSON and SHAUN MCCOY,
18 inflicting several gunshot wounds, which proved to be fatal.

19         12.    Following the shooting, the involved officers denied
20 medical care to  CHARLIE WILSON and SHAUN MCCOY in a manner that
21 demonstrated deliberate indifference to their constitutional
22 rights.  At no time during the course of these events did CHARLIE
23 WILSON and SHAUN MCCOY pose any reasonable threat of violence to
24 the respondent officers, nor did they do anything to justify the
25 force used against them, and the same was deadly, excessive,
26 unnecessary, and unlawful.

27         13.    On or about the afternoon hours of July 14, 2007,
28

after surviving for an appreciable period of time, CHARLIE WILSON and SHAUN MCCOY died as a direct and proximate result of gunshot wounds inflicted upon their persons by the respondent officers.

### FOR THE FIRST CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants

### for Violations Of Civil Rights [42 U.S.C. § 1983])

14.   Plaintiffs restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

15.   This cause of action is brought on behalf of CHARLIE WILSON, by and through his Successor in Interest, LILLIAN MITCHELL, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to CHARLIE WILSON by the Fourth Amendment to the United States Constitution.

16.   This cause of action is additionally brought on behalf of SHAUN MCCOY, by and through his Successor in Interest, JOY BEDFORD, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to SHAUN MCCOY by the Fourth Amendment to the United States Constitution.

17.   This cause of action is additionally brought on

behalf of LILLIAN MITCHELL and JOY BEDFORD, and is set forth
herein to redress the deprivation, under color of statute,
ordinance, regulation, policy, custom, practice or usage of a
right, privilege, and immunity secured to LILLIAN MITCHELL and JOY
BEDFORD by the Fourteenth Amendment to the United States
Constitution.

18.   At all times mentioned herein, the Defendant CITY OF
TORRANCE employed the individual Defendants herein.   Said
Defendant CITY provided its individual Defendant employees and
agents with official badges and identification cards which
designated and described the bearers as employees of the CITY.

19.   During all times mentioned herein, the individual
Defendants, and each of them, separately and in concert, acted
under color and pretense of law, under color of the statutes,
ordinances, regulations, policies, practices, customs and usages
of the CITY.   Each of the individual Defendants here, separately
and in concert, deprived all Plaintiffs of the rights, privileges
and immunities secured to them by the Fourth, and Fourteenth
Amendments to the United States Constitution and by the laws of
the United States.

20.   Plaintiffs are informed, believe, and therefore
allege, that on or about July 14, 2007, heretofore unknown
Defendant DOE Officers of the TORRANCE POLICE DEPARTMENT fatally
assaulted, battered, shot, and killed CHARLIE WILSON as previously
described, all of which constituted deadly, excessive,
unjustifiable, and unreasonable force in violation of and with
deliberate indifference to MR. WILSON'S constitutional right to be
free from unreasonable searches and seizures.   By causing the

1  death of CHARLIE WILSON, these actions additionally violated
2  Plaintiff LILLIAN MITCHELL'S Fourteenth Amendment rights to
3  substantive due process, privacy, as well as her right to
4  associate with her son, her right to enjoy the care,
5  companionship, familial relationship, and society of her son, and
6  her right to be free from arbitrary and unreasonable government
7  intrusions into her family unit; Defendants, and each of them,
8  intruded upon their family unit with deliberate indifference and
9  in a manner that shocks the conscience, when they used deadly and
10 excessive force upon CHARLIE WILSON.

11      21.   Plaintiffs are informed, believe, and therefore
12 allege, that on or about July 14, 2007,  heretofore unknown
13 Defendant DOE Officers of the TORRANCE POLICE DEPARTMENT fatally
14 assaulted, battered, shot, and killed SHAUN MCCOY as previously
15 described, all of which constituted deadly, excessive,
16 unjustifiable, and unreasonable force in violation of and with
17 deliberate indifference to MR. MCCOY'S constitutional right to be
18 free from unreasonable searches and seizures.  By causing the
19 death of SHAUN MCCOY, these actions additionally violated
20 Plaintiff JOY BEDFORD'S Fourteenth Amendment rights to substantive
21 due process, privacy, as well as her right to associate with her
22 son, her right to enjoy the care, companionship, familial
23 relationship, and society of her son, and her right to be free
24 from arbitrary and unreasonable government intrusions into her
25 family unit; Defendants, and each of them, intruded upon their
26 family unit with deliberate indifference and in a manner that
27 shocks the conscience, when they used deadly and excessive force
28 upon SHAUN MCCOY.

1        22.    The above articulated constitutional violations were
2    proximately caused by the CITY OF TORRANCE'S deliberate
3    indifference to the maintenance, training, and control of the
4    TORRANCE POLICE DEPARTMENT, and the injuries and constitutional
5    violations set forth herein were proximately caused by the
6    customs, practices, policies and decisions of Defendant CITY, and
7    the TORRANCE POLICE DEPARTMENT including, but not limited to,
8    inadequately training and supervising police officers with respect
9    to the reasonable and proper use of deadly force against
10   civilians.

11       23.    Plaintiffs are informed and believe, and thereupon
12   allege, that before July 14, 2007, the CITY OF TORRANCE and the
13   TORRANCE POLICE DEPARTMENT hired, trained, supervised, employed
14   and/or managed the individual Defendant officers with conscious
15   disregard of and deliberate indifference to the constitutional
16   rights of third parties, in that it was plainly obvious to the
17   CITY OF TORRANCE and the TORRANCE POLICE DEPARTMENT that these
18   officers were dangerous and violent employees, prone to fire their
19   firearms without reasonable justification, and in a manner that
20   demonstrates callous disregard for the rights and safety of third
21   parties, and assault and batter persons and/or use unnecessary,
22   unreasonable, deadly, and/or unlawful physical force without
23   reasonable justification.  Because adequate scrutiny of these
24   individual Defendants' background would have led reasonable
25   policymakers within the CITY OF TORRANCE and the TORRANCE POLICE
26   DEPARTMENT to conclude that the plainly obvious consequence of the
27   decision to hire these individual Defendants would be the
28   deprivation of a third party's Fourth Amendment right to be free

COMPLAINT FOR DAMAGES
8

1 from unreasonable and excessive force, THE CITY OF TORRANCE and
2 the TORRANCE POLICE DEPARTMENT were deliberately indifferent to
3 Plaintiffs' federally protected rights when the individual
4 Defendants named herein were hired, retained, and later
5 supervised.

6     24.   As set forth in the foregoing paragraphs of this
7 Complaint, the Defendants' shooting of CHARLIE WILSON and SHAUN
8 MCCOY was an unconstitutional display of unreasonable, excessive
9 and deadly force, which violated both CHARLIE WILSON and SHAUN
10 MCCOY'S Fourth Amendment right to be free from unreasonable
11 seizures.   Plaintiffs are informed and believe, and thereupon
12 allege, the details of this incident have been revealed to the
13 authorized policy makers within the CITY OF TORRANCE and the
14 TORRANCE POLICE DEPARTMENT, and that such policy makers have
15 direct knowledge of the fact that the shooting of CHARLIE WILSON
16 and SHAUN MCCOY was not justified, but rather represented an
17 unconstitutional display of unreasonable, excessive and deadly
18 force.   Notwithstanding this knowledge, the authorized policy
19 makers within the CITY OF TORRANCE and the TORRANCE POLICE
20 DEPARTMENT have approved of the Defendant officers' shooting of
21 CHARLIE WILSON and SHAUN MCCOY, and have made a deliberate choice
22 to endorse the Defendant officers' shooting of CHARLIE WILSON and
23 SHAUN MCCOY, and the basis for that shooting.   By so doing, the
24 authorized policy makers within the CITY OF TORRANCE and the
25 TORRANCE POLICE DEPARTMENT have shown affirmative agreement with
26 the individual Defendant officers' actions, and have ratified the
27 unconstitutional acts of the individual Defendant officers.

28

1    25.    Despite the fact that the CITY OF TORRANCE knew or
2 should have known of the fact that these acts, omissions,
3 decisions, practices, customs and policies, both formal and
4 informal, were being carried out by its agents and employees, the
5 CITY OF TORRANCE has taken no steps or efforts to prevent this
6 course of conduct, nor to make redress to these Plaintiffs or
7 other civilian citizens injured thereby, and has failed to take
8 any disciplinary action whatsoever against any of its employees or
9 agents.

10    26.    The above acts of omissions of the Defendants were
11 undertaken while under color of state law and resulted in the
12 violation of all Plaintiffs' constitutional rights, as stated
13 herein.   Likewise, the customs, practices, policies, and decisions
14 of the CITY OF TORRANCE alleged herein and as applied to decedents
15 CHARLIE WILSON and SHAUN MCCOY, resulted in violation of all
16 Plaintiffs' constitutional rights.

17    27.    CHARLIE WILSON and SHAUN MCCOY both had the right to
18 be free from unreasonable searches and seizures, and the right to
19 be free from the use of unreasonable and excessive force.   These
20 rights and privileges are secured to CHARLIE WILSON and SHAUN
21 MCCOY by the provisions of the Fourth Amendment to the United
22 States Constitution, and by 42 U.S.C. § 1983.   All of these
23 interests were implicated by the wrongful conduct of the
24 Defendants which proximately caused the death of CHARLIE WILSON
25 and SHAUN MCCOY.

26    28.    Plaintiff LILLIAN MITCHELL had a Fourteenth
27 Amendment right to substantive due process, privacy, as well as a
28 fundamental right to associate with her son, and a right to enjoy

1  the care, companionship, familial relationship, and society of her

2  son, and a right to be free from arbitrary and unreasonable

3  government intrusions into her family unit.  All of these rights

4  and privileges are secured to LILLIAN MITCHELL by the provisions

5  of the Fourteenth Amendment to the United States Constitution, and

6  by 42 U.S.C. § 1983.  All of these interests were implicated by

7  the wrongful conduct of the Defendants which proximately caused

8  CHARLIE WILSON'S death.

9       29.    Plaintiff JOY BEDFORD had a Fourteenth Amendment

10  right to substantive due process, privacy, as well as a

11  fundamental right to associate with her son, and a right to enjoy

12  the care, companionship, familial relationship, and society of her

13  son, and a right to be free from arbitrary and unreasonable

14  government intrusions into her family unit.  All of these rights

15  and privileges are secured to JOY BEDFORD by the provisions of the

16  Fourteenth Amendment to the United States Constitution, and by 42

17  U.S.C. § 1983.  All of these interests were implicated by the

18  wrongful conduct of the Defendants which proximately caused SHAUN

19  MCCOY'S death.

20       30.    Each of the individual Defendants and the municipal

21  Defendants acted in concert, acted outside the scope of his/her

22  jurisdiction and without authorization of law and each of the

23  individual Defendants, separately and in concert, acted willfully,

24  knowingly, with reckless disregard and deliberate indifference to

25  the known consequences of their acts and omissions, and

26  purposefully with the intent to deprive Plaintiffs and Plaintiffs'

27  decedents of their federally protected rights and privileges, and

28  did in fact violate those rights and privileges, entitling

COMPLAINT FOR DAMAGES
11

1 | Plaintiffs to punitive and exemplary damages in an amount to be
2 | proven at the trial of this matter.

3 |    31. As a direct and proximate result of the aforesaid
4 | acts, omission, customs, practices, policies and decisions of the
5 | Defendants and each of them, Plaintiffs and Plaintiffs' decedents
6 | have suffered great mental and physical pain, suffering, anguish
7 | fright, nervousness, anxiety, grief, shock, humiliation,
8 | indignity, embarrassment, apprehension, and the loss of love,
9 | comfort, society, solace and support, all to their damage in a sum
10 | to be determined at trial.  Additionally, Plaintiffs have been
11 | forced to incur substantial amounts for attorneys' fees,
12 | investigation expenses, and other expenses in the prosecution of
13 | the above articulated constitutional violations.

14 |    32. As a further result of these acts, all Plaintiffs
15 | have lost past and future earnings and wages resulting from the
16 | loss of the support and services of decedents in an amount to be
17 | determined according to proof at trial.

18 |    33. Plaintiffs are entitled to and hereby demand costs,
19 | attorney fees and expenses pursuant to 42 U.S.C. § 1988.

20 |
21 | **FOR THE SECOND CAUSE OF ACTION**

22 | **(By All Plaintiffs Against All Defendants for Wrongful Death)**

23 |    34. Plaintiffs restate and incorporate by reference the
24 | foregoing paragraphs of this complaint as if set forth in full at
25 | this point.

26 |    35. On July 14, 2007,  heretofore unknown Defendant DOE
27 | Officers, while acting in the course and scope of their employment
28 | with the CITY OF TORRANCE and the TORRANCE POLICE DEPARTMENT, used

1 excessive and unreasonable force against decedents CHARLIE WILSON
2 and SHAUN MCCOY by acts which included, but were not limited to,
3 violently assaulting and battering CHARLIE WILSON and SHAUN MCCOY
4 by acts which included, but were not limited to, repeatedly and
5 unjustifiably discharging his department issued firearm at the
6 person of CHARLIE WILSON and the person of SHAUN MCCOY, inflicting
7 several gunshot wounds on the person of CHARLIE WILSON and the
8 person of SHAUN MCCOY.

9     36.   Following the shooting, the involved officers denied
10 medical care to CHARLIE WILSON and SHAUN MCCOY in a manner that
11 demonstrated deliberate indifference to their constitutional
12 rights. And, after surviving for an appreciable period of time
13 after being assaulted, battered, and shot, as described herein,
14 CHARLIE WILSON and SHAUN MCCOY both died as a direct and proximate
15 result of the aforementioned gunshot wounds.

16     37.   At no time during the course of the events described
17 herein did CHARLIE WILSON or SHAUN MCCOY pose any reasonable
18 threat of violence to the respondent officers, nor did they do
19 anything to justify the force used against them, and the same was
20 deadly, excessive, unnecessary, and unlawful.

21     38.   Plaintiffs are informed and believe and thereon
22 allege that Defendants, and each of them, failed to exercise
23 reasonable and ordinary care in committing the acts alleged
24 herein, by actions and inactions which include, but are not
25 limited to, negligently using excessive and unreasonable physical
26 force upon the persons of  CHARLIE WILSON and SHAUN MCCOY, when
27 the same was unnecessary and unjustified, negligently failing to
28 determine that neither CHARLIE WILSON nor SHAUN MCCOY posed any

1  threat of physical harm to any person when each was assaulted and
2  battered, negligently inflicting physical injury upon decedents
3  CHARLIE WILSON and SHAUN MCCOY as described, and negligently
4  failing to render timely medical aid to CHARLIE WILSON and SHAUN
5  MCCOY after they were injured and shot by the individual
6  Defendants.  All of these negligent acts proximately caused the
7  death of CHARLIE WILSON and SHAUN MCCOY, as described herein.

8      39.   Plaintiffs are informed and believe and thereon
9  allege that on and before July 14, 2007, individual employees of
10 the CITY, while working in the course and scope of their
11 employment with the CITY, negligently hired, trained, supervised,
12 employed and managed heretofore unknown Defendant DOE Officers in
13 that said employees of the CITY knew or, in the exercise of
14 reasonable diligence, should have known, that said officers were
15 dangerous and violent employees, prone to provoke and initiate
16 physical confrontation without reasonable justification, and in a
17 manner that demonstrates callous disregard for the rights and
18 safety of civilian citizens, and assault and batter persons and/or
19 use unnecessary, unreasonable, deadly, and/or unlawful physical
20 force without reasonable justification.  All of these negligent
21 acts proximately caused the death of CHARLIE WILSON and SHAUN
22 MCCOY, as described herein.

23     40.   As a proximate result of all of the above mentioned
24 conduct of Defendants, and each of them, CHARLIE WILSON and SHAUN
25 MCCOY were shot and killed on July 14, 2007.

26     41.   As a proximate result of the death of the decedents
27 and the above-described conduct of Defendants, and each of them,
28 all Plaintiffs have sustained substantial economic and non-

1  economic damages resulting from the loss of the love, comfort,
2  society, attention, services and support of decedents in an amount
3  according to proof at trial.

4      42.   As a further proximate result of the above-described
5  conduct of the Defendants, and each of them, and the ensuing death
6  of the decedents, all Plaintiffs have incurred funeral and burial
7  expenses in an amount according to proof at trial.

8

9                                       **JURY DEMAND**

10      43.   Plaintiffs hereby demand that a jury be empaneled
11  for the trial of this matter.

12

13      **WHEREFORE**, Plaintiffs pray for judgment against Defendants
14  as follows:

15         1.   For burial and funeral related expenses according to
16                proof at trial;

17         2.   For general damages in an amount to be determined
18                according to proof at trial;

19         3.   For medical and related expenses according to proof
20                at trial;

21         4.   For costs of suit incurred herein;

22         5.   For punitive damages against the individual
23                Defendants in an amount to be determined according to
24                proof at trial;

25         6.   For attorneys' fees, investigation fees, and expert
26                witness fees incurred herein; and

27  ///

28  ///

1      7.     For such other and further relief as the Court deems

2             just and proper.

3

4    DATED: January 30, 2008          Respectfully submitted,

5                                     THE COCHRAN FIRM

6
                                      By:
7                                          Brian T. Dunn
                                           Mariel A. Gerlt
8                                          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# COUNTY OF LOS ANGELES

## DEPARTMENT OF HEALTH SERVICES

### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITE OUTS OR ALTERATIONS
VS-11 (REV 3/06)

STATE FILE NUMBER

3200719029329
LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| 1 NAME OF DECEDENT-FIRST (Given) | 2 MIDDLE | 3 LAST (Family) |
|---|---|---|
| CHARLIE | MAURICE | WILSON |

AKA ALSO KNOWN AS - Include full AKA (FIRST, MIDDLE, LAST)

| 4 DATE OF BIRTH mm/dd/ccyy | 5 AGE Yrs | IF UNDER ONE YEAR / IF UNDER 24 HOURS | 6 SEX |
|---|---|---|---|
| 02/25/1987 | 20 | Months Days / Hours Minutes | MALE |

| 9 BIRTH STATE/FOREIGN COUNTRY | 10 SOCIAL SECURITY NUMBER | 11 EVER IN U.S. ARMED FORCES? | 12 MARITAL STATUS/SRDP* (at Time of Death) | 7 DATE OF DEATH mm/dd/ccyy | 8 HOUR (24 Hours) |
|---|---|---|---|---|---|
| CALIFORNIA | 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 | ☐ YES ☒ NO ☐ UNK | NEVER MARRIED | 07/14/2007 | 1438 |

| 13 EDUCATION - Highest Level/Degree | 14/15 WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (If yes, see worksheet on back) | 16 DECEDENT'S RACE - Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| HS GRADUATE | ☐ YES ☒ | BLACK |

| 17 USUAL OCCUPATION - Type of work for most of life DO NOT USE RETIRED | 18 KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19 YEARS IN OCCUPATION |
|---|---|---|
| STOCK PERSON | RETAIL DEPARTMENT STORE | 1 |

**USUAL RESIDENCE**

| 20 DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 12901 SOUTH VERMONT AVENUE APT. J-3 |

| 21 CITY | 22 COUNTY/PROVINCE | 23 ZIP CODE | 24 YEARS IN COUNTY | 25 STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| GARDENA | LOS ANGELES | 90247 | 20 | CALIFORNIA |

**INFORMANT**

| 26 INFORMANT'S NAME, RELATIONSHIP | 27 INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| LILLIAN E. MITCHELL, MOTHER | 3904 DON DIABLO DRIVE LOS ANGELES, CA. 90008 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28 NAME OF SURVIVING SPOUSE/SRDP*-FIRST | 29 MIDDLE | 30 LAST (BIRTH NAME) |
|---|---|---|
| - | - | - |

| 31 NAME OF FATHER/PARENT-FIRST | 32 MIDDLE | 33 LAST | 34 BIRTH STATE |
|---|---|---|---|
| ANTHONY | - | McLUCAS | CA |

| 35 NAME OF MOTHER/PARENT-FIRST | 36 MIDDLE | 37 LAST (BIRTH NAME) | 38 BIRTH STATE |
|---|---|---|---|
| LILLIAN | - | MITCHELL | TEXAS |

**FUNERAL DIRECTOR/ LOCAL REGISTRAR**

| 39 DISPOSITION DATE mm/dd/ccyy | 40 PLACE OF FINAL DISPOSITION |
|---|---|
| 07/21/2007 | LINCOLN MEMORIAL PARK 16701 S.CENTRAL AVE. CARSON,CA 90746 |

| 41 TYPE OF DISPOSITION(S) | 42 SIGNATURE OF EMBALMER | 43 LICENSE NUMBER |
|---|---|---|
| BURIAL | Edna Note | 8444 |

| 44 NAME OF FUNERAL ESTABLISHMENT | 45 LICENSE NUMBER | 46 SIGNATURE OF LOCAL REGISTRAR | 47 DATE mm/dd/ccyy |
|---|---|---|---|
| SIMPSON FAMILY MORTUARY | FD1559 | Jonathan Fielding MD | 07/20/2007 |

**PLACE OF DEATH**

| 101 PLACE OF DEATH | 102 IF HOSPITAL, SPECIFY ONE | 103 IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| BACK YARD | ☐ IP ☐ ER/OP ☐ DOA | ☐ Hospice ☐ Nursing Home LTC ☐ Decedent's Home ☒ Other |

| 104 COUNTY | 105 FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106 CITY |
|---|---|---|
| LOS ANGELES | 2609 231ST STREET | TORRANCE |

**CAUSE OF DEATH**

| 107 CAUSE OF DEATH | | 108 DEATH REPORTED TO CORONER? |
|---|---|---|
| IMMEDIATE CAUSE (A) | MULTIPLE GUNSHOT WOUNDS | 108 Time Interval Between Onset and Death: RAPID ☒ YES ☐ NO |
| | | 109 Referral No. 2007-05101 |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. (B) | | 109 BIOPSY PERFORMED? ☐ YES ☒ NO |
| (C) | | 110 AUTOPSY PERFORMED? ☒ YES ☐ NO |
| (D) | | 111 USED IN DETERMINING CAUSE? ☒ YES ☐ NO |

| 112 OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113 WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | ☐ YES ☐ NO ☐ UNK |

**PHYSICIAN'S CERTIFICATION**

| 114 I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED | 115 SIGNATURE AND TITLE OF CERTIFIER | 116 LICENSE NUMBER | 117 DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since mm/dd/ccyy  Decedent Last Seen Alive mm/dd/ccyy | ▶ | | |

| 118 TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| |

**CORONER'S USE ONLY**

| 119 I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED | | 120 INJURED AT WORK? | 121 INJURY DATE mm/dd/ccyy | 122 HOUR (24 Hours) |
|---|---|---|---|---|
| MANNER OF DEATH ☐ Natural ☐ Accident ☒ Homicide ☐ Suicide ☐ Pending Investigation ☐ Could not be determined | | ☐ YES ☒ NO ☐ UNK | 07/14/2007 | UNKNOWN |

| 123 PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| BACK YARD |

| 124 DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| SHOT BY OTHERS |

| 125 LOCATION OF INJURY (Street and number, or location, and city and zip) |
|---|
| 2609 231ST STREET   TORRANCE   90505 |

| 126 SIGNATURE OF CORONER / DEPUTY CORONER | 127 DATE mm/dd/ccyy | 128 TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| Evonne Reed | 07/18/2007 | EVONNE REED   DEPUTY CORONER |

**STATE REGISTRAR**

| A | B | C | D | E | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|
| | | | | | | *HD00754275* |

This is a true certified copy of the record filed in the County of Los Angeles
Department of Health Services if it bears the Registrar's signature in purple ink.

*Jonathan Fielding MD* DATE ISSUED
CT

**JUL 20 2001**

Director of Health Services and Registrar

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



# DECLARATION OF LILIAN MITCHELL

1.     The decedent's name who is the subject of this action for wrongful death is CHARLIE WILSON..

2.     On July 14, 2007, CHARLIE WILSON was killed in an officer involved shooting at the 2600 block of 231st Street, Torrance, California.

3.     No proceeding is now pending in California for the administration of the decedent's estate.

4.     I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.     No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _Oct. 5, 07_         _Lillian Mitchell_
                              LILLIAN MITCHELL

# STATE OF CALIFORNIA

## CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES

## DEPARTMENT OF HEALTH SERVICES

### CERTIFICATE OF DEATH

| FIRST | MIDDLE | LAST (Family) |
|---|---|---|
| Shi | Conley Devell | McCoy |

| DATE OF BIRTH | AGE Yrs |
|---|---|
| 03/20/1985 | 22 |

SOCIAL SECURITY NUMBER: 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

MARITAL STATUS: Never Married

DATE OF DEATH: 07/14/2007

RACE: African American

KIND OF BUSINESS: Furniture Store

County: San Bernardino — 92301

14651 Regent Ct., Adelanto, CA 92301

Joy Bedford, Mother

Tyrone

Place of death: Corona Sunnyslope Cemetery, Rincon Ave., Corona, CA 92879

Burial

Mortuary: Chapel of Palms

TORRANCE 90505

| DATE | TITLE NAME TITLE OF CORONER |
|---|---|
| 07/20/2007 | REGINA AUGUSTINE |

This is a true certified copy of the record filed in the County of Los Angeles Department of Health Services if it bears the Registrar's signature in purple ink.

DATE ISSUED

OCT 25 2007

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# DECLARATION OF JOY BEDFORD

1. The decedent's name who is the subject of this action for wrongful death is SHAUN MC COY.

2. On July 14, 2007, SHAUN MC COY was killed in an officer involved shooting at the 2600 block of 231st Street, Torrance, California.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _October 15 /07_ _Joy C. Bedford_

JOY C. BEDFORD

BRIAN T. DUNN
MARIEL A. GERLT
THE COCHRAN FIRM
4929 Wilshire Boulevard, Suite 1010
Los Angeles, CA 90010
(323) 931-6200

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN MITCHELL, individually, and as Successor in Interest to CHARLIE WILSON, deceased, and JOY BEDFORD, individually, and as Successor in Interest to SHAUN MCCOY, deceased, **Plaintiff(s)** <br><br> v. <br><br> CITY OF TORRANCE, TORRANCE POLICE DEPARTMENT, and DOES 1 through 10, Inclusive, **Defendant(s)** | CASE NUMBER: <br><br> **CV 08-00694 DSF (RZx)** <br><br><br> **SUMMONS** |

TO:  THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

BRIAN T. DUNN_____, whose address is:

THE COCHRAN FIRM
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010

an answer to the  [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim which is herewith served upon you within 20__ days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date: FEB  1 2008

**LA'REE HORN**

By: _____
Deputy Clerk



*(Seal of the Court)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV08- 694 DSF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a)  PLAINTIFFS** (Check box if you are representing yourself ☐ )<br>LILLIAN MITCHELL, individually, and as Successor in Interest to CHARLIE WILSON, deceased, and JOY BEDFORD, individually, and as Successor in Interest to SHAUN MCCOY, deceased,<br>**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles | **DEFENDANTS**<br>CITY OF TORRANCE, TORRANCE POLICE DEPARTMENT, and DOES 1 through 10, Inclusive,<br><br>County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>BRIAN T. DUNN<br>MARIEL A. GERLT<br>THE COCHRAN FIRM<br>4929 Wilshire Boulevard, Suite 1010<br>Los Angeles, CA  90010<br>(323) 931-6200 | Attorneys (If Known) |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No       **MONEY DEMANDED IN COMPLAINT:** $ 0.00

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983.

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**  Case Number: **CV08-00694**

CV-71 (07/05)                        CIVIL COVER SHEET                        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? [x] No [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[x] Check here if the U.S. government, its agencies or employees is a named plaintiff.

LOS ANGELES

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary).

[X] Check here if the U.S. government, its agencies or employees is a named defendant.

LOS ANGELES

List the California County, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 1/30/08

BRIAN T. DUNN, ESQ./MARIEL A. GERLT, ESQ.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |