BRIAN T. DUNN, ESQ. (SBN 176502)
MARIEL A. GERLT, ESQ. (SBN 251119)
**THE COCHRAN FIRM - LOS ANGELES**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone:      (323) 931-6200
Facsimile:      (323) 931-9521
bdunn@cochranfirm.com
mgerlt@cochranfirm.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LILLIAN MITCHELL, individually, and as Successor in Interest to CHARLIE WILSON, deceased, and JOY BEDFORD, individually, and as Successor in Interest to SHAUN MCCOY, deceased,<br><br>             Plaintiffs,<br><br>vs.<br><br>CITY OF TORRANCE, TORRANCE POLICE DEPARTMENT, OFFICER REHAN NAZIR, OFFICER ARLAN WELLS, and DOES 3 through 10, Inclusive,<br><br>             Defendants. | CASE NO. CV08-00694 DSF(RZx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. Civil Rights Violations<br>    [42 U.S.C. § 1983]**<br>**2. Wrongful Death**<br><br><br>**Jury Demand** |

**JURISDICTION AND VENUE**

1.    Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and sections 1331 and 1367(a).

2.    Venue is proper in the Central District of California under 28 U.S.C. sections 1391(a) and (b).

**PARTIES**

3.    Plaintiff LILLIAN MITCHELL is a resident of Los Angeles County, California, and is the surviving mother of decedent CHARLIE WILSON.

4.    Plaintiff LILLIAN MITCHELL is the successor in interest to decedent CHARLIE WILSON, and is entitled to bring the first cause of action herein alleged pursuant to Section 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating LILLIAN MITCHELL as a successor in interest to CHARLIE WILSON, and a true and correct copy of the death certificate for CHARLIE WILSON, furnished herewith pursuant to C.C.P. §377.32.)

5.    Plaintiff JOY BEDFORD is a resident of San Bernardino County, California, and is the surviving mother of decedent SHAUN MCCOY.

6.    Plaintiff JOY BEDFORD is the successor in interest to decedent SHAUN MCCOY, and is entitled to bring the first cause of action herein alleged pursuant to Section 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating JOY BEDFORD as a successor in interest to SHAUN MCCOY, and a true and correct copy of the death certificate for SHAUN MCCOY, furnished herewith pursuant to C.C.P. §377.32.)

7.    Defendant CITY OF TORRANCE(hereinafter "CITY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.  On July 23, 2007, a timely claim for damages was filed with the CITY OF TORRANCE in substantial compliance with Cal. Government Code §910, et seq.  As

FIRST AMENDED COMPLAINT FOR DAMAGES

2

1  of the date of the filing of this Compliant, said claim has been

2  denied.

3      8.    Plaintiffs are informed and believe and thereupon

4  allege that Defendant OFFICER REHAN NAZIR (badge number 16279) is

5  and at all relevant times mentioned herein was, a resident of the

6  State of California and County of Los Angeles.  At all times

7  relevant to the acts and omissions herein alleged, OFFICER NAZIR,

8  was a police officer, and was acting in the course and scope of

9  his employment with the CITY OF TORRANCE, and the TORRANCE POLICE

10 DEPARTMENT.

11     9.    Plaintiffs are informed and believe and thereupon

12 allege that Defendant OFFICER ARLAN WELLS(badge number 17340) is

13 and at all relevant times mentioned herein was, a resident of the

14 State of California and County of Los Angeles.  At all times

15 relevant to the acts and omissions herein alleged, OFFICER WELLS,

16 was a police officer, and was acting in the course and scope of

17 his employment with the CITY OF TORRANCE, and the TORRANCE POLICE

18 DEPARTMENT.

19     10.   Plaintiffs are unaware of the true names and

20 capacities of those Defendants sued herein as DOE Defendants.

21 Plaintiffs will amend this complaint to allege said Defendants'

22 true names and capacities when that information becomes known to

23 them.  Plaintiffs are informed, believe, and thereon allege that

24 these DOE Defendants are legally responsible and liable for the

25 incident, injuries and damages hereinafter set forth, and that

26 each of said Defendants proximately caused the injuries and

27 damages by reason of negligent, careless, deliberately

28 indifferent, intentional, willful or wanton misconduct, including

1  the negligent, careless, deliberately indifferent, intentional,

2  willful or wanton misconduct in creating and otherwise causing the

3  incidents, conditions and circumstances hereinafter set forth, or

4  by reason of direct or imputed negligence or vicarious fault or

5  breach of duty arising out of the matters herein alleged.

6  Plaintiffs will seek leave to amend this complaint to set forth

7  said true names and identities of the unknown named DOE Defendants

8  when they are ascertained.

9       11.   Each of the individual Defendants sued herein is sued

10 both in his individual and personal capacity, as well as in his

11 official capacity.

12      12.   Plaintiffs are informed, believe, and therefore

13 allege that, at all times herein mentioned, each of the Defendants

14 was the agent and/or employee and/or co-conspirator of each of the

15 remaining Defendants, and in doing the things hereinafter alleged,

16 was acting within the scope of such agency, employment and/or

17 conspiracy and with the permission and consent of other co-

18 defendants.

19                   **FACTS COMMON TO ALL COUNTS**

20      13.   This Complaint concerns a fatal officer involved

21 shooting which occurred during the afternoon hours of July 14,

22 2007, in or around the rear of a residential property, located at

23 or around the 2600 block of 231st street, a few blocks west of the

24 intersection of 231st street and Crenshaw Boulevard, in the City

25 of Torrance.  On that afternoon, Plaintiffs' decedents, CHARLIE

26 WILSON and SHAUN MCCOY, were unarmed, and present in an enclosed

27 shed located at the rear of the residential property, when

28 Defendant OFFICERS NAZIR and WELLS, employed by and acting in the

FIRST AMENDED COMPLAINT FOR DAMAGES

1  course and scope of their employment with Defendant TORRANCE

2  POLICE DEPARTMENT and Defendant CITY OF TORRANCE, without warning,

3  repeatedly and unjustifiably discharged their department issued

4  firearms at the persons of CHARLIE WILSON and SHAUN MCCOY,

5  inflicting several gunshot wounds, which proved to be fatal.

6      14.   Following the shooting, the involved officers denied

7  medical care to CHARLIE WILSON and SHAUN MCCOY in a manner that

8  demonstrated deliberate indifference to their constitutional

9  rights.  At no time during the course of these events did CHARLIE

10 WILSON and SHAUN MCCOY pose any reasonable threat of violence to

11 the Defendant Officers, nor did they do anything to justify the

12 force used against them, and the same was deadly, excessive,

13 unnecessary, and unlawful.

14     15.   On or about the afternoon hours of July 14, 2007,

15 after surviving for an appreciable period of time, CHARLIE WILSON

16 and SHAUN MCCOY died as a direct and proximate result of gunshot

17 wounds inflicted upon their persons by the Defendant Officers.

18                    **FOR THE FIRST CAUSE OF ACTION**

19              **(By All Plaintiffs Against All Defendants**

20        **for Violations Of Civil Rights [42 U.S.C. § 1983])**

21     16.   Plaintiffs restate and incorporate by reference the

22 foregoing paragraphs of this complaint as if set forth in full at

23 this point.

24     17.   This cause of action is brought on behalf of CHARLIE

25 WILSON, by and through his Successor in Interest, LILLIAN

26 MITCHELL, who would, but for his death, be entitled to bring this

27 cause of action, and is set forth herein to redress the

28 deprivation, under color of statute, ordinance, regulation,

1  policy, custom, practice or usage of a right, privilege, and

2  immunity secured to CHARLIE WILSON by the Fourth Amendment to the

3  United States Constitution.

4       18.   This cause of action is additionally brought on

5  behalf of SHAUN MCCOY, by and through his Successor in Interest,

6  JOY BEDFORD, who would, but for his death, be entitled to bring

7  this cause of action, and is set forth herein to redress the

8  deprivation, under color of statute, ordinance, regulation,

9  policy, custom, practice or usage of a right, privilege, and

10  immunity secured to SHAUN MCCOY by the Fourth Amendment to the

11  United States Constitution.

12       19.   This cause of action is additionally brought on

13  behalf of LILLIAN MITCHELL and JOY BEDFORD, and is set forth

14  herein to redress the deprivation, under color of statute,

15  ordinance, regulation, policy, custom, practice or usage of a

16  right, privilege, and immunity secured to LILLIAN MITCHELL and JOY

17  BEDFORD by the Fourteenth Amendment to the United States

18  Constitution.

19       20.   At all times mentioned herein, the Defendant CITY OF

20  TORRANCE employed the individual Defendants herein.   Said

21  Defendant CITY provided its individual Defendant employees and

22  agents with official badges and identification cards which

23  designated and described the bearers as employees of the CITY.

24       21.   During all times mentioned herein, the individual

25  Defendants, OFFICERS NAZIR AND WELLS, and each of them, separately

26  and in concert, acted under color and pretense of law, under color

27  of the statutes, ordinances, regulations, policies, practices,

28  customs and usages of the CITY.   Each of the individual Defendants

1 | here, separately and in concert, deprived all Plaintiffs of the
2 | rights, privileges and immunities secured to them by the Fourth,
3 | and Fourteenth Amendments to the United States Constitution and by
4 | the laws of the United States.
5 |     22.    Plaintiffs are informed, believe, and therefore
6 | allege, that on or about July 14, 2007, DEFENDANT OFFICERS NAZIR
7 | AND WELLS of the TORRANCE POLICE DEPARTMENT fatally assaulted,
8 | battered, shot, and killed CHARLIE WILSON as previously described,
9 | all of which constituted deadly, excessive, unjustifiable, and
10 | unreasonable force in violation of and with deliberate
11 | indifference to MR. WILSON'S constitutional right to be free from
12 | unreasonable searches and seizures.  By causing the death of
13 | CHARLIE WILSON, these actions additionally violated Plaintiff
14 | LILLIAN MITCHELL'S Fourteenth Amendment rights to substantive due
15 | process, privacy, as well as her right to associate with her son,
16 | her right to enjoy the care, companionship, familial relationship,
17 | and society of her son, and her right to be free from arbitrary
18 | and unreasonable government intrusions into her family unit;
19 | Defendants, and each of them, intruded upon their family unit with
20 | deliberate indifference and in a manner that shocks the
21 | conscience, when they used deadly and excessive force upon CHARLIE
22 | WILSON.
23 |     23.    Plaintiffs are informed, believe, and therefore
24 | allege, that on or about July 14, 2007, DEFENDANT OFFICERS NAZIR
25 | AND WELLS of the TORRANCE POLICE DEPARTMENT fatally assaulted,
26 | battered, shot, and killed SHAUN MCCOY as previously described,
27 | all of which constituted deadly, excessive, unjustifiable, and
28 | unreasonable force in violation of and with deliberate

FIRST AMENDED COMPLAINT FOR DAMAGES

7

1   indifference to MR. MCCOY'S constitutional right to be free from

2   unreasonable searches and seizures.  By causing the death of SHAUN

3   MCCOY, these actions additionally violated Plaintiff JOY BEDFORD'S

4   Fourteenth Amendment rights to substantive due process, privacy,

5   as well as her right to associate with her son, her right to enjoy

6   the care, companionship, familial relationship, and society of her

7   son, and her right to be free from arbitrary and unreasonable

8   government intrusions into her family unit; Defendants, and each

9   of them, intruded upon their family unit with deliberate

10  indifference and in a manner that shocks the conscience, when they

11  used deadly and excessive force upon SHAUN MCCOY.

12       24.   The above articulated constitutional violations were

13  proximately caused by the CITY OF TORRANCE'S deliberate

14  indifference to the maintenance, training, and control of the

15  TORRANCE POLICE DEPARTMENT, and the injuries and constitutional

16  violations set forth herein were proximately caused by the

17  customs, practices, policies and decisions of Defendant CITY, and

18  the TORRANCE POLICE DEPARTMENT including, but not limited to,

19  inadequately training and supervising police officers with respect

20  to the reasonable and proper use of deadly force against

21  civilians.

22       25.  Plaintiffs are informed and believe, and thereupon

23  allege, that before July 14, 2007, the CITY OF TORRANCE and the

24  TORRANCE POLICE DEPARTMENT hired, trained, supervised, employed

25  and/or managed the individual Defendant officers, including

26  DEFENDANT OFFICERS NAZIR AND WELLS, with conscious disregard of

27  and deliberate indifference to the constitutional rights of third

28  parties, in that it was plainly obvious to the CITY OF TORRANCE

FIRST AMENDED COMPLAINT FOR DAMAGES

8

1  and the TORRANCE POLICE DEPARTMENT that these officers were

2  dangerous and violent employees, prone to fire their firearms

3  without reasonable justification, and in a manner that

4  demonstrates callous disregard for the rights and safety of third

5  parties, and assault and batter persons and/or use unnecessary,

6  unreasonable, deadly, and/or unlawful physical force without

7  reasonable justification.  Because adequate scrutiny of these

8  individual Defendants' background would have led reasonable

9  policymakers within the CITY OF TORRANCE and the TORRANCE POLICE

10 DEPARTMENT to conclude that the plainly obvious consequence of the

11 decision to hire these individual Defendants would be the

12 deprivation of a third party's Fourth Amendment right to be free

13 from unreasonable and excessive force, THE CITY OF TORRANCE and

14 the TORRANCE POLICE DEPARTMENT were deliberately indifferent to

15 Plaintiffs' federally protected rights when the individual

16 Defendants named herein were hired, retained, and later

17 supervised.

18       26.   As set forth in the foregoing paragraphs of this

19 Complaint, the Defendants' shooting of CHARLIE WILSON and SHAUN

20 MCCOY was an unconstitutional display of unreasonable, excessive

21 and deadly force, which violated both CHARLIE WILSON and SHAUN

22 MCCOY'S Fourth Amendment right to be free from unreasonable

23 seizures.  Plaintiffs are informed and believe, and thereupon

24 allege, the details of this incident have been revealed to the

25 authorized policy makers within the CITY OF TORRANCE and the

26 TORRANCE POLICE DEPARTMENT, and that such policy makers have

27 direct knowledge of the fact that the shooting of CHARLIE WILSON

28 and SHAUN MCCOY was not justified, but rather represented an

1  unconstitutional display of unreasonable, excessive and deadly

2  force. Notwithstanding this knowledge, the authorized policy

3  makers within the CITY OF TORRANCE and the TORRANCE POLICE

4  DEPARTMENT have approved of the Defendant officers' shooting of

5  CHARLIE WILSON and SHAUN MCCOY, and have made a deliberate choice

6  to endorse the Defendant officers' shooting of CHARLIE WILSON and

7  SHAUN MCCOY, and the basis for that shooting. By so doing, the

8  authorized policy makers within the CITY OF TORRANCE and the

9  TORRANCE POLICE DEPARTMENT have shown affirmative agreement with

10 the individual Defendant officers' actions, and have ratified the

11 unconstitutional acts of the individual Defendant officers.

12     27.    Despite the fact that the CITY OF TORRANCE knew or

13 should have known of the fact that these acts, omissions,

14 decisions, practices, customs and policies, both formal and

15 informal, were being carried out by its agents and employees, the

16 CITY OF TORRANCE has taken no steps or efforts to prevent this

17 course of conduct, nor to make redress to these Plaintiffs or

18 other civilian citizens injured thereby, and has failed to take

19 any disciplinary action whatsoever against any of its employees or

20 agents.

21     28.    The above acts of omissions of the Defendants were

22 undertaken while under color of state law and resulted in the

23 violation of all Plaintiffs' constitutional rights, as stated

24 herein. Likewise, the customs, practices, policies, and decisions

25 of the CITY OF TORRANCE alleged herein and as applied to decedents

26 CHARLIE WILSON and SHAUN MCCOY, resulted in violation of all

27 Plaintiffs' constitutional rights.

28

29.   CHARLIE WILSON and SHAUN MCCOY both had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force.  These rights and privileges are secured to CHARLIE WILSON and SHAUN MCCOY by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983.  All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused the death of CHARLIE WILSON and SHAUN MCCOY.

30.   Plaintiff LILLIAN MITCHELL had a Fourteenth Amendment right to substantive due process, privacy, as well as a fundamental right to associate with her son, and a right to enjoy the care, companionship, familial relationship, and society of her son, and a right to be free from arbitrary and unreasonable government intrusions into her family unit.  All of these rights and privileges are secured to LILLIAN MITCHELL by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983.  All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused CHARLIE WILSON'S death.

31.   Plaintiff JOY BEDFORD had a Fourteenth Amendment right to substantive due process, privacy, as well as a fundamental right to associate with her son, and a right to enjoy the care, companionship, familial relationship, and society of her son, and a right to be free from arbitrary and unreasonable government intrusions into her family unit.  All of these rights and privileges are secured to JOY BEDFORD by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42

FIRST AMENDED COMPLAINT FOR DAMAGES
11

1   U.S.C. § 1983.   All of these interests were implicated by the

2   wrongful conduct of the Defendants which proximately caused SHAUN

3   MCCOY'S death.

4        32.    Each of the individual Defendants, OFFICERS REHAN

5   NAZIR AND ARLAN WELLS, the municipal Defendants, and DOES 3

6   through 10, inclusive, acted in concert, and without authorization

7   of law and each of the individual Defendants, separately and in

8   concert, acted willfully, knowingly, with reckless disregard and

9   deliberate indifference to the known consequences of their acts

10  and omissions, and purposefully with the intent to deprive

11  Plaintiffs and Plaintiffs' decedents of their federally protected

12  rights and privileges, and did in fact violate those rights and

13  privileges, entitling Plaintiffs to punitive and exemplary damages

14  in an amount to be proven at the trial of this matter.

15       33.    As a direct and proximate result of the aforesaid

16  acts, omission, customs, practices, policies and decisions of the

17  Defendants and each of them, Plaintiffs and Plaintiffs' decedents

18  have suffered great mental and physical pain, suffering, anguish

19  fright, nervousness, anxiety, grief, shock, humiliation,

20  indignity, embarrassment, apprehension, and the loss of love,

21  comfort, society, solace and support, all to their damage in a sum

22  to be determined at trial.   Additionally, Plaintiffs have been

23  forced to incur substantial amounts for attorneys' fees,

24  investigation expenses, and other expenses in the prosecution of

25  the above articulated constitutional violations.

26       34.    As a further result of these acts, all Plaintiffs

27  have lost past and future earnings and wages resulting from the

28

FIRST AMENDED COMPLAINT FOR DAMAGES

12

1  loss of the support and services of decedents in an amount to be
2  determined according to proof at trial.

3       35.    Plaintiffs are entitled to and hereby demand costs,
4  attorney fees and expenses pursuant to 42 U.S.C. § 1988.

5                    FOR THE SECOND CAUSE OF ACTION
6    (By All Plaintiffs Against All Defendants for Wrongful Death)

7       36.    Plaintiffs restate and incorporate by reference the
8  foregoing paragraphs of this complaint as if set forth in full at
9  this point.

10      37.    On July 14, 2007, DEFENDANT OFFICERS REHAN NAZIR AND
11 ARLAN WELLS, while acting in the course and scope of their
12 employment with the CITY OF TORRANCE and the TORRANCE POLICE
13 DEPARTMENT, used excessive and unreasonable force against
14 decedents CHARLIE WILSON and SHAUN MCCOY by acts which included,
15 but were not limited to, violently assaulting and battering
16 CHARLIE WILSON and SHAUN MCCOY by acts which included, but were
17 not limited to, repeatedly and unjustifiably discharging his
18 department issued firearm at the person of CHARLIE WILSON and the
19 person of SHAUN MCCOY, inflicting several gunshot wounds on the
20 person of CHARLIE WILSON and the person of SHAUN MCCOY.

21      38.    Following the shooting, the involved officers denied
22 medical care to CHARLIE WILSON and SHAUN MCCOY in a manner that
23 demonstrated deliberate indifference to their constitutional
24 rights. And, after surviving for an appreciable period of time
25 after being assaulted, battered, and shot, as described herein,
26 CHARLIE WILSON and SHAUN MCCOY both died as a direct and proximate
27 result of the aforementioned gunshot wounds.

28

39.   At no time during the course of the events described
2 herein did CHARLIE WILSON or SHAUN MCCOY pose any reasonable
3 threat of violence to the Defendant Officers, nor did they do
4 anything to justify the force used against them, and the same was
5 deadly, excessive, unnecessary, and unlawful.
6 40.   Plaintiffs are informed and believe and thereon
7 allege that Defendants, and each of them, failed to exercise
8 reasonable and ordinary care in committing the acts alleged
9 herein, by actions and inactions which include, but are not
10 limited to, negligently using excessive and unreasonable physical
11 force upon the persons of CHARLIE WILSON and SHAUN MCCOY, when the
12 same was unnecessary and unjustified, negligently failing to
13 determine that neither CHARLIE WILSON nor SHAUN MCCOY posed any
14 threat of physical harm to any person when each was assaulted and
15 battered, negligently inflicting physical injury upon decedents
16 CHARLIE WILSON and SHAUN MCCOY as described, and negligently
17 failing to render timely medical aid to CHARLIE WILSON and SHAUN
18 MCCOY after they were injured and shot by the individual
19 Defendants, OFFICERS NAZIR AND WELLS.  All of these negligent acts
20 proximately caused the death of CHARLIE WILSON and SHAUN MCCOY, as
21 described herein.
22 41.   Plaintiffs are informed and believe and thereon
23 allege that on and before July 14, 2007, individual employees of
24 the CITY, while working in the course and scope of their
25 employment with the CITY, negligently hired, trained, supervised,
26 employed and managed DEFENDANT OFFICERS NAZIR AND WELLS, and
27 heretofore unknown Defendant DOE Officers in that said employees
28 of the CITY knew or, in the exercise of reasonable diligence,

FIRST AMENDED COMPLAINT FOR DAMAGES
14

1  should have known, that said officers were dangerous and violent
2  employees, prone to provoke and initiate physical confrontation
3  without reasonable justification, and in a manner that
4  demonstrates callous disregard for the rights and safety of
5  civilian citizens, and assault and batter persons and/or use
6  unnecessary, unreasonable, deadly, and/or unlawful physical force
7  without reasonable justification.  All of these negligent acts
8  proximately caused the death of CHARLIE WILSON and SHAUN MCCOY, as
9  described herein.

10       42.   As a proximate result of all of the above mentioned
11  conduct of Defendants, and each of them, CHARLIE WILSON and SHAUN
12  MCCOY were shot and killed on July 14, 2007.

13       43.   As a proximate result of the death of the decedents
14  and the above-described conduct of Defendants, and each of them,
15  all Plaintiffs have sustained substantial economic and non-
16  economic damages resulting from the loss of the love, comfort,
17  society, attention, services and support of decedents in an amount
18  according to proof at trial.

19       44.  As a further proximate result of the above-described
20  conduct of the Defendants, and each of them, and the ensuing death
21  of the decedents, all Plaintiffs have incurred funeral and burial
22  expenses in an amount according to proof at trial.

23
24                          **JURY DEMAND**

25       45.    Plaintiffs hereby demand that a jury be empaneled
26  for the trial of this matter.

27
28

FIRST AMENDED COMPLAINT FOR DAMAGES
15

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.    For burial and funeral related expenses according to proof at trial;

2.    For general damages in an amount to be determined according to proof at trial;

3.    For medical and related expenses according to proof at trial;

4.    For costs of suit incurred herein;

5.    For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

6.    For attorneys' fees, investigation fees, and expert witness fees incurred herein; and

7.    For such other and further relief as the Court deems just and proper.

DATED: August 18, 2008          Respectfully submitted,

**THE COCHRAN FIRM**

By: _____
        Brian T. Dunn
        Mariel A. Gerlt
        Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES

16

# COUNTY OF LOS ANGELES

## DEPARTMENT OF HEALTH SERVICES

### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/06)

LOCAL REGISTRATION NUMBER: 3200719029329

| 1 NAME OF DECEDENT- FIRST (Given) CHARLIE | 2 MIDDLE MAURICE | 3 LAST (Family) WILSON | |
|---|---|---|---|
| AKA ALSO KNOWN AS - Include full AKA (FIRST, MIDDLE, LAST) | | | 6 SEX MALE |
| 4 DATE OF BIRTH mm/dd/ccyy 02/25/1987 | 5 AGE Yrs 20 | 7 DATE OF DEATH mm/dd/ccyy 07/14/2007 | 8. HOUR (24 Hours) 1438 |

| 9 BIRTH STATE/FOREIGN COUNTRY CALIFORNIA | 10. SOCIAL SECURITY NUMBER 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 | 11. EVER IN U.S. ARMED FORCES? YES [X] NO | 12 MARITAL STATUS/SRDP* (at Time of Death) NEVER MARRIED |

| 13 EDUCATION - Highest Level Degree HS GRADUATE | 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (if yes, see worksheet on back) YES [X] NO | 16. DECEDENT'S RACE - Up to 3 races may be listed (see worksheet on back) BLACK |

| 17 USUAL OCCUPATION - Type of work for most of life. DO NOT USE RETIRED STOCK PERSON | 18 KIND OF BUSINESS OR INDUSTRY (e.g. grocery store, road construction, employment agency, etc.) RETAIL DEPARTMENT STORE | 19. YEARS IN OCCUPATION 1 |

| 20 DECEDENT'S RESIDENCE (Street and number, or location) 12901 SOUTH VERMONT AVENUE APT.J-3 | | | | |
|---|---|---|---|---|
| 21 CITY GARDENA | 22 COUNTY/PROVINCE LOS ANGELES | 23 ZIP CODE 90247 | 24. YEARS IN COUNTY 20 | 25. STATE/FOREIGN COUNTRY CALIFORNIA |

| 26. INFORMANT'S NAME, RELATIONSHIP LILLIAN E. MITCHELL, MOTHER | 27 INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) 3904 DON DIABLO DRIVE LOS ANGELES,CA.90008 |

| 28 NAME OF SURVIVING SPOUSE/SRDP*-FIRST | 29. MIDDLE | 30 LAST (BIRTH NAME) |
|---|---|---|
| 31 NAME OF FATHER/PARENT-FIRST ANTHONY | 32. MIDDLE | 33 LAST McLUCAS | 34. BIRTH STATE CA |
| 35. NAME OF MOTHER/PARENT-FIRST LILLIAN | 36. MIDDLE | 37. LAST (BIRTH NAME) MITCHELL | 38 BIRTH STATE TEXAS |

| 39 DISPOSITION DATE mm/dd/ccyy 07/21/2007 | 40 PLACE OF FINAL DISPOSITION LINCOLN MEMORIAL PARK 16701 S.CENTRAL AVE. CARSON,CA 90746 | | 43 LICENSE NUMBER 8444 |
|---|---|---|---|
| 41 TYPE OF DISPOSITION(S) BURIAL | 42. SIGNATURE OF EMBALMER ► Edw Nelle | | |
| 44. NAME OF FUNERAL ESTABLISHMENT SIMPSON FAMILY MORTUARY | 45. LICENSE NUMBER FD1559 | 46. SIGNATURE OF LOCAL REGISTRAR ► Jonathan E Fielding MD | 07/20/2007 |

| 101 PLACE OF DEATH BACK YARD | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) 2609 231ST STREET | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE Nursing Home LTC □ Decedent's Home □ Other [X] |
|---|---|---|
| 104 COUNTY LOS ANGELES | | 106 CITY TORRANCE |

| 107. CAUSE OF DEATH | Enter the chain of events -- diseases, injuries, or complications -- that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE | 108 DEATH REPORTED TO CORONER? YES [X] NO |
|---|---|---|
| IMMEDIATE CAUSE (A) if last disease or condition resulting in death ► | MULTIPLE GUNSHOT WOUNDS | Time Interval (Onset and Death) RAPID |
| | | (AT) REFERRAL NUMBER 2007-05101 |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) (C) (D) | | 109. BIOPSY PERFORMED? YES □ NO [X] |
| | | 110. AUTOPSY PERFORMED? YES [X] NO □ |
| | | 111 USED IN DETERMINING CAUSE? YES [X] NO □ |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 NONE | |
|---|---|
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date) NO | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES □ NO □ UNK □ |

| 114 I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since (A) mm/dd/ccyy Decedent Last Seen Alive (B) mm/dd/ccyy | 115. SIGNATURE AND TITLE OF CERTIFIER ► | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | |

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED MANNER OF DEATH □ Natural □ Accident [X] Homicide □ Suicide □ Pending Investigation □ Could not be determined | 120. INJURED AT WORK? YES □ NO [X] UNK □ | 121. INJURY DATE mm/dd/ccyy 07/14/2007 | 122. HOUR (24 Hours) UNKNOWN |
|---|---|---|---|
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) BACK YARD | | | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) SHOT BY OTHERS | | | |
| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) 2609 231ST STREET | TORRANCE 90505 | | |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER Evonne Reed | 127. DATE mm/dd/ccyy 07/18/2007 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER EVONNE REED  DEPUTY CORONER | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | |
|---|---|---|---|---|---|---|

*HD0754275*

This is a true certified copy of the record filed in the County of Los Angeles
Department of Health Services if it bears the Registrar's signature in purple ink.

*Jonathan E Fielding MD* DATE ISSUED JUL 20 2007
CT
Director of Health Services and Registrar

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



# DECLARATION OF LILIAN MITCHELL

1. The decedent's name who is the subject of this action for wrongful death is CHARLIE WILSON..

2. On July 14, 2007, CHARLIE WILSON  was killed in an officer involved shooting at the 2600 block of 231st Street, Torrance, California.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _Oct. 5, 07_                     _Lillian Mitchell_
                                         LILLIAN MITCHELL

# STATE OF CALIFORNIA

## CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES

## DEPARTMENT OF HEALTH SERVICES

### CERTIFICATE OF DEATH

USE BLACK INK ONLY NO ERASURES WHITEOUTS OR ALTERATIONS

| | | |
|---|---|---|
| Shea | Conley Devell | McCoy |
| | DATE OF BIRTH 03/20/1985 | AGE 22 |
| CA | SOCIAL SECURITY NUMBER 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 | EVER IN U.S. ARMED FORCES? ☒ NO | MARITAL STATUS Never Married | DATE OF DEATH 07/14/2007 | HOUR 1400 |
| | HISPANIC/LATINO/A/SPANISH ☒ NO | African American | | | 3 |
| Jr. College | | | | | |
| Forklift Operator | | Furniture Store | | | |
| 14651 Regent Cir | San Bernadino | 92301 | 15 | | |
| Adelanto | | | | 14651 Regent Ct., Adelanto, CA 92301 |
| Joy Bedford, Mother | | | | |
| | | | Henry | | CA |
| Tyrone | | | McCoy | | |
| Joy | | | | | CA |
| 07/26/2007 | Corona Sunnyslope Cemetery | | | | |
| | 3195 Riceau Ave., Corona, CA 92879 | | | | 6399 |
| Burial | | | | 07/25/2007 |
| Mortuary Chapel of Palms | FD-1831 | | | | |

| | DATE m/d/ccyy 07/20/2007 | REGINA AUGUSTINE | |
|---|---|---|---|
| 23162 STREET | TORRANCE | 90505 | |

This is a true certified copy of the record filed in the County of Los Angeles Department of Health Services if it bears the Registrar's signature in purple ink.

DATE ISSUED

OCT 25 2007

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

## DECLARATION OF JOY BEDFORD

1.  The decedent's name who is the subject of this action for wrongful death is SHAUN MC COY.

2.  On July 14, 2007, SHAUN MC COY was killed in an officer involved shooting at the 2600 block of 231st Street, Torrance, California.

3.  No proceeding is now pending in California for the administration of the decedent's estate.

4.  I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.  No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _October 15 2007_                    _Joy C. Bedford_

JOY C. BEDFORD